**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SIPCO, LLC<br><br>Plaintiff,<br><br>v.<br><br>BOSCH SECURITY SYSTEMS INC.,<br><br>Defendant. | C.A. No. ______________________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SIPCO, LLC ("SIPCO" or "Plaintiff"), for its Complaint against Bosch Security Systems, Inc. (collectively, "Bosch" or "Defendant") alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia with a place of business at 20638 Duxbury Terrace, Ashburn, Virginia 20147.

3. On information and belief, Defendant is a corporation organized under the laws of Delaware with a place of business at 130 Perinton Parkway, Fairport, New York 14450. The Delaware Division of Corporations identifies Defendant's registered agent as Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into

the stream of commerce and that incorporate infringing technology knowing that they would be sold in this District and elsewhere in the United States.

5. On information and belief, Defendant conducts a significant, persistent and regular amount of business in this District through product sales by its distributors, customers, and resellers and through online marketing, and derives substantial revenue from such business.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). On information and belief, Defendant has placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District. Defendant, directly or through intermediaries, conducts business in this District, and at least a portion of the acts of infringement and claims alleged in this Complaint have taken place and are continuing to take place in this District.

9. On information and belief, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposefully availed itself of the privileges and benefits of the laws of the State of Delaware. Further, Defendants is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware, pursuant to due process and/or the Delaware Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware, and because Plaintiff's causes of action arise directly from Defendant's

business contacts and other activities in the State of Delaware, including regularly doing or soliciting business and deriving substantial revenue from products and services provided to individuals in this District. The exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## BACKGROUND

10. SIPCO is a small research, development and technology company originally based in Atlanta, Georgia. T. David Petite was its founding member.

11. In the 1990s, through his own individual research and development efforts, Mr. Petite invented a large number of wireless control and distribution technology applications. The inventions resulting from Mr. Petite's efforts include, but are not limited to, various ways of moving data as economically and seamlessly as possible over both wired and wireless networks.

12. Through the 1990s and early 2000s investors contributed tens of millions of dollars for technology development and implementation of networks. Clients included Georgia Power, Alabama Power, Newnan Utilities GA, Johnson Controls, Synovus Bank, and Grand Court Lifestyles residential living facilities.

13. After proving that the technology worked in the field, several companies competed to purchase an exclusive license to Mr. Petite's technology for the market known as "smart grid." Landis+Gyr (http://www.landisgyr.com/) (previously Siemens Metering) took an exclusive license to the smart grid technology in 2002 and in 2005 purchased rights to the technology for utility applications for $30,000,000. Mr. Petite's technology has been deployed in millions of meters deployed across North America and throughout the world.

14. SIPCO retained the rights to the mesh network patents, and for use of the technology outside of the utility space. It still maintains ownership of the software, firmware, hardware and patent portfolio that resulted from Mr. Petite's research and development efforts.

15. SIPCO's patent portfolios (of which the patents in suit are a part) include inventions that are widely recognized as pioneering in various fields of use. As a result, more than 100 corporations have taken licenses to them. Licensees include companies operating in the vertical markets of Industrial Controls, Lighting, Smart Grid, Building Automation, Network Backhaul, Home Appliance, Home Automation and Entertainment, Sensor Monitoring, and Internet Service Provisioning. Licensed products include products using standard wireless mesh protocols such as ZigBee and Z-Wave.

16. SIPCO is the exclusive owner of all rights, title, and interest in the patents in suit, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

**INFRINGEMENT OF U.S. PATENT NO. 8,924,587**

17. The allegations set forth in the foregoing paragraphs 1 through 16 are incorporated by reference into this claim for relief.

18. On December 30, 2014, U.S. Patent No. 8,924,587 ("the '587 Patent"), entitled "Systems And Methods For Controlling Communication Between A Host Computer and Communication Devices," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '587 Patent is attached as Exhibit 1. Related U.S. application data is set forth on the face of the patent.

19. Plaintiff is the assignee and owner of the right, title, and interest in and to the '587 Patent, including the right to assert all causes of action arising under the '587 Patent and the right to any remedies for infringement of the '587 Patent.

20. Defendant has infringed and continues to infringe the '587 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization (hereafter "Infringing Instrumentalities"). At a minimum, Infringing Instrumentalities include all Bosch gateways that operate pursuant to the ZigBee Specification. This includes products like the Bosch G450 Home Control Gateway which is configured to operate pursuant to the ZigBee Specification.

21. Defendants directly infringed and continue to directly infringe at least claim 3[1] of the '587 Patent by making, using, selling, offering to sell, importing and/or providing and causing to be used the Bosch G450 Home Control Gateway which satisfies, literally or under the doctrine of equivalents, each and every claim limitation of claim 3 of the '587 Patent. The correspondence between the limitations of claim 3 of the '587 Patent and the Bosch G450 Home Control Gateway is shown in the claim chart attached hereto as Exhibit 2. The claim chart is incorporated by reference as if set forth herein. The citations to the ZigBee Specification in the claim chart are required for a product configured to operate pursuant to the ZigBee Specification. Additional details relating to the Bosch G450 Home Control Gateway and its infringement are within the possession, custody or control of Defendant.

---

[1] Plaintiff reserves the right to identify additional asserted claims and accused products as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims and accused products in its infringement contentions to be served during the discovery process.

22. Defendant provides users of the Bosch G450 Home Control Gateway with instructions on how to operate within a ZigBee network and markets ZigBee connectivity in its promotional materials for the Bosch G450 Home Control Gateway. To operate within a ZigBee network, the Bosch G450 Home Control Gateway needs to operate pursuant to the ZigBee Specification and the required portions of the ZigBee Standard necessarily practice at least claim 3 of the '587 Patent.

23. On information and belief, any other gateway of Defendant that operates pursuant to the ZigBee Specification is also an Infringing Instrumentality. Additional details relating to Infringing Instrumentalities and their infringement are within the possession, custody or control of Defendant.

24. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identification and description of infringement based on additional information obtained through discovery or otherwise.

25. On information and belief, Defendant had knowledge and became aware of the '587 Patent prior to the filing of this Complaint. By way of example, on June 22, 2015, a SIPCO representative identified the '587 Patent to a Bosch representative during licensing discussions. Discovery in this matter may reveal that Defendant is liable for willful infringement and/or have induced others to infringe the '587 Patent.

26. Defendant's acts of infringement involving the '587 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**INFRINGEMENT OF U.S. PATENT NO. 8,924,588**

27. The allegations set forth in the foregoing paragraphs 1 through 16 are incorporated by reference into this claim for relief.

28. On December 30, 2014, U.S. Patent No. 8,924,588 ("the '588 Patent"), entitled "Systems And Methods For Controlling Communication Between A Host Computer and Communication Devices," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '588 Patent is attached as Exhibit 3. Related U.S. application data is set forth on the face of the patent.

29. Plaintiff is the assignee and owner of the right, title, and interest in and to the '588 Patent, including the right to assert all causes of action arising under the '588 Patent and the right to any remedies for infringement of the '588 Patent.

30. Defendant has infringed and continues to infringe the '588 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization (hereafter "Infringing Instrumentalities"). At a minimum, Infringing Instrumentalities include all Bosch gateways that operate pursuant to the Z-Wave Protocol. This includes products like the Bosch G450 Home Control Gateway which is configured to operate pursuant to the Z-Wave Protocol.

31. Defendants directly infringed and continue to directly infringe at least claim 1[2] of the '588 Patent by making, using, selling, offering to sell, importing and/or providing and causing to be used the Bosch G450 Home Control Gateway which satisfies, literally or under the

[2] Plaintiff reserves the right to identify additional asserted claims and accused products as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims and accused products in its infringement contentions to be served during the discovery process.

doctrine of equivalents, each and every claim limitation of claim 1 of the '588 Patent. The correspondence between the limitations of claim 1 of the '588 Patent and the Bosch G450 Home Control Gateway is shown in the claim chart attached hereto as Exhibit 4. The claim chart is incorporated by reference as if set forth herein. The citations to the Z-Wave Protocol in the claim chart are required for a product configured to operate pursuant to the Z-Wave Protocol. Additional details relating to the Bosch G450 Home Control Gateway and its infringement are within the possession, custody or control of Defendant.

32. Defendant provides users of the Bosch G450 Home Control Gateway with instructions on how to operate within a Z-Wave network and markets Z-Wave connectivity in its promotional materials for the Bosch G450 Home Control Gateway. To operate within a Z-Wave network, the Bosch G450 Home Control Gateway needs to operate pursuant to the Z-Wave Protocol and the required portions of the Z-Wave Protocol necessarily practice at least claim 1 of the '588 Patent.

33. On information and belief, any other gateway of Defendant that operates pursuant to the Z-Wave Protocol such as the Bosch G100 Home Control Gateway is also an Infringing Instrumentality. Additional details relating to Infringing Instrumentalities and their infringement are within the possession, custody or control of Defendant.

34. On information and belief, the identified structure and functionality of the Bosch G450 Home Control Gateway that are shown in the claim chart are also representative of the structure and functionality present in the Bosch G100 Home Control Gateway. Thus, the claim chart is representative of the infringement of claim 1 of the '588 Patent by the Bosch G100 Home Control Gateway.

35. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identification and description of infringement based on additional information obtained through discovery or otherwise.

36. On information and belief, Defendant had knowledge and became aware of the '588 Patent prior to the filing of this Complaint. By way of example, on June 22, 2015, a SIPCO representative identified the '588 Patent to a Bosch representative during licensing discussions. Discovery in this matter may reveal that Defendant is liable for willful infringement and/or have induced others to infringe the '588 Patent.

37. Defendant's acts of infringement involving the '588 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**INFRINGEMENT OF U.S. PATENT NO. 9,430,936**

38. The allegations set forth in the foregoing paragraphs 1 through 16 are incorporated by reference into this claim for relief.

39. On August 30, 2016, U.S. Patent No. 9,430,936 ("the '936 Patent"), entitled "Systems And Methods For Monitoring And Controlling Remote Devices," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '936 Patent is attached as Exhibit 5. Related U.S. application data is set forth on the face of the patent.

40. Plaintiff is the assignee and owner of the right, title, and interest in and to the '936 Patent, including the right to assert all causes of action arising under the '936 Patent and the right to any remedies for infringement of the '936 Patent.

41. Customers of Defendant and users of systems including Defendant's products directly infringe the '936 Patent by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, infringing systems without authorization (hereafter "'936 Infringing Systems"). At a minimum, '936 Infringing Systems include systems with Bosch gateways that operate pursuant to the Z-Wave Protocol and are used with Z-Wave devices. The infringing Bosch gateways include products such as the Bosch G450 Home Control Gateway and Bosch G100 Home Control Gateway which are both configured to operate pursuant to the Z-Wave Protocol.

42. By way of example, users of '936 Infringing Systems directly infringe the '936 Patent by using systems which include the Bosch G450 Home Control Gateway or the Bosch G100 Home Control Gateway and Z-Wave devices.

43. By way of example, certain of Bosch's customers directly infringe the '936 Patent by selling and/or offering to sell systems which include the Bosch G450 Home Control Gateway or the Bosch G100 Home Control Gateway and Z-Wave devices.

44. The infringement of claim 1[3] of the '936 Patent by Defendant and its customers and users is reflected in the claim chart attached hereto as Exhibit 6. The claim chart is incorporated by reference as if set forth herein. The citations to the Z-Wave Protocol in the claim chart are required for products (for example, gateways and devices) configured to operate pursuant to the Z-Wave Protocol. Additional details relating to the '936 Infringing Systems and their infringement are within the possession, custody or control of Defendant and its customers and users.

[3] Plaintiff reserves the right to identify additional asserted claims and accused products as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims and accused products in its infringement contentions to be served during the discovery process.

45. On information and belief, the identified structure and functionality of the Bosch G100 Home Control Gateway that are shown in the claim chart are also representative of the structure and functionality present in the Bosch G450 Home Control Gateway. Thus, the claim chart is representative of the infringement of claim 1 of the '936 Patent by the Bosch G450 Home Control Gateway and Z-Wave devices.

46. Defendant provides customers and users of the Bosch G100 Home Control Gateway with instructions on how to operate within a Z-Wave network and markets Z-Wave connectivity in its promotional materials for the Bosch G100 Home Control Gateway. To operate within a Z-Wave network, the Bosch G100 Home Control Gateway needs to operate pursuant to the Z-Wave Protocol.

47. Defendant provides customers and users of the Bosch G100 Home Control Gateway with a list of third party Z-Wave devices that are compatible with the Bosch G100 Home Control Gateway. See Exhibit 7 (Bosch document entitled "Compatible Z-Wave devices for G100 Home Control Gateway"). The listed Z-Wave devices have been tested by Bosch for compatibility with the Bosch G100 Home Control Gateway. To operate within a Z-Wave network, the listed Z-Wave devices need to operate pursuant to the Z-Wave Protocol. On information and belief, Defendant knowingly and intentionally intends and causes its customers and the users of the Bosch G100 Home Control Gateway to use, sell and/or offer to sell the Bosch G100 Home Control Gateway with Z-Wave devices including the Z-Wave devices listed in Exhibit 7.

48. On information and belief, Defendant provides technical support and services on how to connect and use the Bosch G100 Home Control Gateway with Z-Wave devices.

49. Defendant provides customers and users of the Bosch G450 Home Control Gateway with instructions on how to operate within a Z-Wave network and markets Z-Wave connectivity in its promotional materials for the Bosch G450 Home Control Gateway. To operate within a Z-Wave network, the Bosch G450 Home Control Gateway needs to operate pursuant to the Z-Wave Protocol.

50. Defendant provides customers and users of the Bosch G450 Home Control Gateway with a list of third party Z-Wave devices that are compatible with the Bosch G450 Home Control Gateway. See Exhibit 8 (Bosch document entitled "Compatible Devices – G450 Home Control Gateway"). The listed Z-Wave devices have been tested by Bosch for compatibility with the Bosch G450 Home Control Gateway. To operate within a Z-Wave network, the listed Z-Wave devices need to operate pursuant to the Z-Wave Protocol. On information and belief, Defendant knowingly and intentionally intends and causes its customers and the users of the Bosch G450 Home Control Gateway to use, sell and/or offer to sell the Bosch G450 Home Control Gateway with Z-Wave devices including the Z-Wave devices listed in Exhibit 8.

51. On information and belief, Defendant provides technical support and services on how to connect and use the Bosch G450 Home Control Gateway with Z-Wave devices.

52. Defendant had knowledge and became aware of the '936 Patent prior to the filing of this Complaint. By way of example, during licensing discussions in 2016, a SIPCO representative provided a claim chart to a Bosch representative which involved the infringement of the '936 Patent by the Bosch G100 Home Control Gateway and Z-Wave devices.

53. Defendant has been and continues to induce the infringement of the '936 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents. As reflected in Exhibit

6, Defendant has been and continues to induce the infringement of at least claim 1 of the '936 Patent by causing users to use and customers to sell and offer to sell '936 Infringing Systems which satisfy each and every claim limitation of claim 1 of the '936 Patent. As set forth above in Paragraphs 46-52, Defendant specifically intended to encourage and promote users to use and customers to sell and offer to sell '936 Infringing Systems in an infringing manner, knowing that such use in accordance with its actions constituted infringement of the '936 Patent. Defendant has thus induced and is inducing users and customers to infringe the '936 Patent. On information and belief, Defendant acted with specific intent to induce users and customers to practice the '936 Patent by continuing the above-mentioned activities with knowledge of the '936 Patent.

54. Defendant has been and continues to contribute to the infringement of the '936 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents. As reflected in Exhibit 6 and set forth above in Paragraphs 46-52, Defendant is actively, knowingly, and intentionally contributing to the infringement of at least claim 1 of the '936 Patent by selling, offering to sell/or importing into the United States, the Bosch G100 Home Control Gateway, with the knowledge that it is especially designed or adapted to operate in a manner that infringes the '936 Patent, with the knowledge that customers and users, will continue to, either alone or in combination with Defendant, infringe the '936 Patent, and with the knowledge that the Bosch G100 Home Control Gateway is not a staple article of commerce suitable for substantial non-infringing use.

55. By way of example, Defendant offers to sell and sells the Bosch G100 Home Control Gateway. The Bosch G100 Home Control Gateway is a material part of the patented invention claimed in claim 1 of the '936 Patent because the gateway is critical to the infringing

system (see, e.g., the “first transceiver” claim limitation in Exhibit 6). As set forth in paragraph 52, Defendant knew of the patented invention no later than 2016. Defendant knew the Bosch G100 Home Control Gateway was made for or adapted for use in the patented invention because Plaintiff provided a claim chart showing such use to Defendant and further informed Defendant in writing that Defendant was contributing to the infringement of the ‘936 Patent. The Bosch G100 Home Control Gateway has no substantial non-infringing use because its purpose is to operate with Z-Wave devices. Thus, Defendant has contributed to the infringement of the ‘936 Patent.

56. Discovery in this matter may reveal that Defendant is liable for willful infringement.

57. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identification and description of infringement based on additional information obtained through discovery or otherwise.

58. Defendant’s acts of infringement involving the ‘936 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant’s wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

59. Plaintiff requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. Declaring that Defendant has infringed the ‘587, ‘588 and ‘936 Patents.

B. Awarding damages arising out of Defendant's infringement of the '587, '588 and '936 Patents to SIPCO, together with prejudgment and post-judgment interest, in an amount according to proof.

C. Awarding attorneys' fees to SIPCO pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D. Awarding such other costs and further relied as the Court may deem just and proper.

DATED: July 2, 2018

**KLEHR HARRISON**
**HARVEY BRANZBURG LLP**

*<u>/s/ Sean M. Brennecke</u>*
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
Facsimile: (302) 426-9193
sbrennecke@klehr.com

Daniel S. Carlineo, Esq.
Nelson M. Kee, Esq.
(*pro hac vice* motions to be filed)
CARLINEO KEE, PLLC
1517 17th Street, NW; 3rd Floor
Washington, DC 20036
Telephone: (202) 780-6109
dcarlineo@ck-iplaw.com
nkee@ck-iplaw.com

*Attorneys for Plaintiff*
*SIPCO, LLC*